## Commonwealth v. Stotler

*Daniel E. Teeter*, for Commonwealth.

*LeRoy S. Maxwell* and *Brown, Swope & MacPhail*, for defendant.

SHEELY, P. J., April 15, 1961.—Defendant was apprehended in Adams County operating a Chevrolet truck-tractor bearing Pennsylvania registration plates and pulling a homemade semi-trailer bearing Maryland registration plates. Both vehicles were registered in the name of B. J. Kim. The truck-tractor registration gave the address of B. J. Kim as South Potomac and Tenth Streets, Waynesboro, Pa., while the semi-trailer registration gave the address of B. J. Kim as Blue Ridge Summit, Pa., Washington County (Maryland). Blue Ridge Summit is a Pennsylvania post office with rural routes into Maryland.

"B. J. Kim" is a fictitious name registered under Pennsylvania law by Robert's Chevrolet, Inc., of South Potomac and Tenth Streets, Waynesboro, Pa., to cover that portion of the corporation's business having to do with the leasing of trucks, trailers and automobiles. Neither Robert's Chevrolet, Inc., nor "B. J. Kim" had a place of business or address at Blue Ridge Summit or in Washington County, Md. It was explained that that address represented a post office box rented by "B. J. Kim" to meet the requirement of Maryland for registration of motor vehicles that the

owner have a Maryland address to which official mail could be sent.

The semi-trailer, as well as the truck-tractor, was leased by "B. J. Kim" to Central Chemical Company of Hagerstown, Md., and, according to the testimony, was required to be registered in Maryland, since it was kept primarily at the plant of Central Chemical Company at Hagerstown. Defendant, Stotler, was employed by Central Chemical Company and his daily routine was to leave his home at Greencastle, Pa., in the morning; go to Waynesboro, Pa., where he would pick up the truck-tractor at Robert's Chevrolet, Inc.; go to Hagerstown, Md., where he would attach the semi-trailer to the truck-tractor; drive to Reading, Pa., where the semi-trailer would be loaded with material for the Central Chemical Company; return to Hagerstown where he would leave the semi-trailer to be unloaded during the night; return the truck-tractor to Robert's Chevrolet, Inc., at Waynesboro, where it would be serviced for the next day's trip; and return to his home at Greencastle.

Defendant is charged with violating section 401, subsection (a) of article IV of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS § 401, which provides that "no motor vehicle, tractor, trailer or semi-trailer shall be operated upon any highway in this Commonwealth until such vehicle or tractor shall have been properly registered with the department . . . and no such vehicle shall be registered until a certificate of title has been obtained therefor."

"Department" means the Department of Revenue of this Commonwealth: Section 102 of The Vehicle Code. Under section 201 of The Vehicle Code, it is provided that "No person who is a resident of this Commonwealth shall own a motor vehicle, trailer, or semi-trailer, in this Commonwealth unless a certificate of

title therefor shall have been obtained as provided in this act."

· Admittedly the semi-trailer was not registered with the Department of Revenue and no certificate of title was obtained therefor. Defendant would, therefore, be guilty of violating section 401 unless the semi-trailer was exempt from the requirement of registration with the Department.

The only exemption from the requirement of registration with the Department of Revenue which would be applicable here is the exemption of vehicles owned by residents of other States by virtue of reciprocity agreements made by the Secretary of Revenue with duly authorized representatives of other States under the authority of section 410 (a) of The Vehicle Code or by virtue of the general exemption applicable to nonresidents contained in section 410 (e) of the code. These exemptions apply, however, only to "nonresidents" and to vehicles owned by them.

The authority of the Secretary of Revenue to make reciprocity agreements under section 410 (a) is limited by the proviso ". . . that all motor vehicles, tractors, trailers and semi-trailers *owned by nonresidents* shall be properly registered in the *state of the residence of their owner*, . . .", and the general exemption of nonresidents from the provisions of the code relating to registration of motor vehicles, etc., under section 410 (e), is limited by the proviso that "such *nonresidents* shall have complied with the provisions of the law of the foreign country or state of their residence relative to the registration and equipment of their vehicles or tractors, . . ." "Nonresident" is defined as "Any person not a resident of this Commonwealth": Section 102 of The Vehicle Code. (Italics supplied.)

In Commonwealth v. Golden, 76 D. & C. 561, 564

(1951), a case very similar to the present case in its basic facts, we held that "a vehicle *owned* by a resident of Pennsylvania cannot be operated within this Commonwealth unless properly registered with the Secretary of Revenue," and that "a resident of Pennsylvania cannot acquire the rights of a nonresident under a reciprocity agreement by maintaining a place of business in another State although the maintenance of such business may make him a 'resident' of the other State within the meaning of its laws." (Italics supplied.)

To hold otherwise would give rise to many abuses. For example, the semi-trailer involved in this case is 40 feet long, which is within the permissible lengths under Maryland vehicle laws, and could be operated in Pennsylvania by a Maryland resident under reciprocity agreements, but which could not be titled or registered in Pennsylvania, since section 902(c) of The Vehicle Code limits the total maximum length of vehicles (with certain exceptions not applicable here) to 420 inches, or 35 feet. A resident of Pennsylvania cannot evade this requirement merely by maintaining a fictitious address in Maryland and registering his vehicle there.

The question remains whether the fact that the semi-trailer was leased to a Maryland corporation and was primarily kept in Maryland alters the situation. It does not. Both the truck-tractor and the semi-trailer were owned by "B. J. Kim," or Robert's Chevrolet, Inc., a resident of Pennsylvania, and, as we have shown, it is the residence of the owner that governs under The Vehicle Code of Pennsylvania. While it is true, as contended by defendant, that the definition of "owner" under the code includes a lessee under certain conditions, those conditions apply only where the lessee has the immediate right of possession and also the right of purchase upon the performance of the

conditions stated in the agreement. This definition applies only to the finance agreement type of lease, which is not the situation here, and, even if it did apply, the vehicle would have to be registered in the name of the lessee and not in the name of the lessor, as in this case.

We conclude that no motor vehicle, tractor, trailer, or semi-trailer, owned by a resident of Pennsylvania can be operated in Pennsylvania without being registered with the Department of Revenue and without having a certificate of title issued therefor.

And now, April 15, 1961, the court adjudges defendant guilty of violating section 401 (*a*) of The Vehicle Code. He is directed to appear for sentence on May 13, 1961, unless he remits the statutory fine of $10 and the cost to the clerk of courts prior to that date.